IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE TIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | 13-cv-50111 |
| | ) | |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | U.S. District Court Judge |
| COLONIAL ASSET MANAGEMENT, | ) | |
| INC., and JASON ZANDSTRA, | ) | Hon. P. Michael Mahoney |
| | ) | U.S. Magistrate Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

Plaintiff George Tiggs ("Plaintiff") has filed a complaint against the defendants, Colonial Asset Management, Inc. ("CAM") and its suspected agent, Jason Zandstra ("Zandstra"), alleging violations of the Fair Debt Collection Practices Act. Presently, Plaintiff has been unable to secure service of process on either defendant. In the course of limited investigation, Plaintiff discovered that CAM's letterhead address was actually a mailbox at a UPS Store in California. Plaintiff assumes that Zandstra is an agent of CAM because that mailbox is registered to Zandstra. Plaintiff then hired an investigator and discovered Zandstra's personal residential address in Norco, California. Since that time, Zandstra has been added to Plaintiff's complaint and Plaintiff has attempted to serve Zandstra a dozen times at his home address to no avail. Throughout June of 2013, the process server's notes show that during each attempt at personal service nobody would answer the door, although there were often trucks in the driveway. A security camera was pointed at the front door. A package addressed to Zandstra was present at the address on June 10,

1

2013, but it was not there on the following day. Plaintiff has not found alternate addresses for either defendant. Plaintiff now seeks a court order permitting him to serve CAM and Zandstra by priority mail to Zandstra's apparent residential address.

**II. SERVICE OF PROCESS**

"A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process[.]" *United States v. Ligas*, 546 F.3d 497, 2008 U.S. App. LEXIS 24671, at *8 (7th Cir. 2008). "[S]ervice is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint[.]" *Id*. The preferred method of service in the Seventh Circuit is for "the plaintiff to mail the defendant a copy of the complaint and summons and obtain a waiver of personal service from the defendant" under Federal Rule of Civil Procedure 4(d). *Id*. at *8–9. It does not appear that Plaintiff has attempted to send a waiver form to either defendant.

Nonetheless, if the "[individual] defendant does not waive service and no federal statute otherwise supplies a method of service, then Rule 4(e)'s list of methods is exclusive." *Id*. at *9. Rule 4(e) allows for delivering a copy of the complaint and summons to an individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age, delivering a copy of each to an agent authorized by appointment or by law to receive service of process, or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Plaintiff has not offered any California statute, but relies on Illinois law to persuade the Court.

The Federal Rules of Civil Procedure state that, under normal circumstances, a corporation must be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual[1]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant[.]
>
> Fed. R. Civ. P. 4(h)(1)

Plaintiff argues that Rule 4(h) would not apply in this case as he believes that CAM is unincorporated. He provides the Court with Illinois statute 735 ILCS 5/2-205.1 which states that service on a "voluntary unincorporated association" may be accomplished by leaving a copy of the process at the association office with [any] agent of the association. *See* 735 ILCS 5/2-205.1. The statute also states that such an organization "may also be notified by publication and mail in like manner and with like effect as individuals." *Id.* He reasons that since Zandstra must be an agent of the "unincorporated" CAM, it would be proper to serve Zandstra alone. In support of his belief that CAM is voluntarily unincorporated, the Plaintiff's Motion for Alternate Service asserts that he "has conducted a diligent search of the records of the Secretary of State in California and Illinois . . . and has found no record at all that CAM was ever incorporated."

Interestingly, Plaintiff's own amended complaint, filed less than two months before this motion, proclaims that CAM is "incorporated in the State of South Carolina." (Pl.'s Am. Compl. ¶ 7). A cursory Google search for the term "Colonial Asset Management, Inc." would clearly identify CAM as a South Carolina Corporation and provide its address in South Carolina. A perfunctory search of the South Carolina Secretary of State's website shows the corporation is in

---

[1] *See supra* at p. 2.

good standing in South Carolina and provides not only an address but the name of a registered agent who is not Zandstra.

Considering the information in Plaintiff's complaint and the information found during a four-minute long Internet search, it is not altogether surprising that Plaintiff is unable to serve CAM in California. However, it is possible that there are more than one corporation named CAM – one being the entity in South Carolina and the other in California. Yet, this is speculation; nowhere in the Plaintiff's motion, its attached exhibits, in the summary of his "due diligence," or his complaint does Plaintiff claim that the CAM is South Carolina is the wrong defendant. All available evidence suggests CAM is based in South Carolina. In light of this evidence, CAM would not be adequately served by mailing notice to Zandstra in California.

As to Zandstra himself, Illinois statute allows service on individuals by

> (1) leaving a copy of the summons with the defendant personally, [or]
>
> (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode[.]"
>
> 735 ILCS 5/2-203.

If achieving service by way of the methods listed under 735 ILCS 5/2-203 is impractical, then a court may enter an order directing a comparable means of service so long as it is consistent with due process. *See* 735 ILCS 5/2-203.1.

Plaintiff suggests that service by mail to Zandstra in California is highly likely to apprise both Defendants of this lawsuit. Plaintiff has made diligent efforts to personally serve Zandstra. However, Plaintiff has not shown that Zandstra is a managing or general agent or any other agent of CAM. All the Court can ascertain at this time is that there is a UPS mailbox in California that appears to be connected with CAM and that Zandstra has been registered to that mailbox. Zandstra's actual relationship with CAM cannot yet be determined with confidence. As to CAM itself, considering all of the evidence that the Court has received from Plaintiff, it is uncertain why Plaintiff is unable to serve the corporation at its registered address in South Carolina. Furthermore, there is 7th Circuit case law that may suggest that "[e]xtraterritorial service by mail will only be effective if sanctioned by the forum state's rules [and that,] [a]ccording to Illinois statutory law, parties located outside of the forum state must be personally served." *Electronic Signals Products, Inc. v. Eastern Electronic Co., Ltd.*, 783 F.Supp. 1135, 1139 (7th Cir. 1992); *See* 735 ILCS 5/2-208; *See also Crawford v. Hardee's Restaurants*, 1992 WL 471680, *1 (7th Cir. 1992); and *Audio Enterprises, Inc. v. B & W Loudspeakers of America, a Div. of Equity Intern, Inc.* 9 F.2d 406, 409 (7th Cir. 1992). Based on these concerns, the Court cannot rule that service by mail would be appropriate or that it would give both Zandstra and CAM proper notice of the lawsuit without more information.

## III. CONCLUSION

Plaintiff's Motion for Alternate Service is denied.

                    **ENTER:**

                    _____

                    **Hon. P. Michael Mahoney, Magistrate Judge**
                    **United States District Court**

**DATE:**